933 F.2d 1008
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Benny JOHNSON, Petitioner-Appellant,
v.
Dewey SOWDERS, Warden, Northpoint Training Center,
Respondent-Appellee.
 No. 90-6443.
 United States Court of Appeals, Sixth Circuit.
 May 28, 1991.
 
 1
 Before RALPH B. GUY, Jr. and RYAN, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 Benny Johnson, a Kentucky prisoner, appeals the district court's order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination pursuant to Fed.R.App.P. 34(a), the panel unanimously agrees that oral argument is not necessary.
 
 
 3
 In 1986, a Kentucky jury convicted Johnson on charges of sexual abuse in the first degree, assault in the second degree, and being a persistent felony offender in the second degree. He was sentenced to ten years imprisonment on both the sexual abuse and assault convictions. On direct criminal appeal, the state appellate courts affirmed the convictions for second degree assault and being a persistent felony offender and reversed the conviction for sexual abuse. Thereafter, Johnson filed his habeas petition, asserting that insufficient evidence existed to support his conviction of second degree assault because the state had failed to prove the essential element of serious physical injury beyond a reasonable doubt.
 
 
 4
 The matter was referred to a magistrate who recommended that the writ be granted, finding that no reasonable juror could find that the assault victim suffered serious physical injury beyond a reasonable doubt. After a review of the magistrate's report and recommendation, in light of respondent's objections, the district court overruled the magistrate's recommendation and dismissed the habeas petition. The district court found that viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could find that the assault victim suffered a serious physical injury beyond a reasonable doubt. Johnson has filed a timely appeal.
 
 
 5
 Upon review, we conclude that sufficient evidence does exist to support Johnson's conviction of assault in the second degree, including the essential element of serious physical injury. See Jackson v. Virginia, 443 U.S. 307 (1979).
 
 
 6
 Accordingly, the district court's judgment is hereby affirmed for the reasons stated in the district court's memorandum opinion and order filed October 26, 1990. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation